UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO: 5:09CV-160-R

PAUL COLEMAN,     PLAINTIFF,

VS.

FERRELL'S SNAPPY SERVICE OF
HOPKINSVILLE, INC., ET AL.,     DEFENDANTS.

## MEMORANDUM OPINION

Plaintiff has filed an unopposed motion to dismiss Defendants Ferrell's of Madisonville, LLC and Ferrell's of Cadiz, LLC (DN 31). That motion is GRANTED. Defendant Ferrell's Snappy Service of Hopkinsville, Inc. ("Ferrell's"), has filed a motion for summary judgment (DN 36). Plaintiff has filed a response (DN 39). Defendant has filed a reply (DN 40). This matter is ripe for adjudication.

## BACKGROUND

Plaintiff entered Ferrell's and placed an order for cheeseburgers on an unknown date. At some point prior to receiving his order, Defendant Jack Rittenberry ("tortfeasor"), who helped manage Ferrell's until August 8 or 9, 2008, allegedly physically removed Plaintiff from the premises and called him a "nigger."

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to some portions of this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

**DISCUSSION**

Ferrell's has filed a Motion for Summary Judgment on a number of grounds, including that the alleged tortfeasor in this case was not employed by Ferrell's during the events giving rise to this claim, making vicarious liability impossible, or that the statute of limitations has already run on the majority of the claims. Plaintiff initially alleged that the events giving rise to

the claim occurred on August 31, 2008. Plaintiff filed his complaint on August 31, 2009, exactly a year after the alleged date. However, the alleged tortfeasor was terminated on August 8th or 9th, 2008, and would no longer have been in the employ of Ferrell's at the time of the alleged events.[1] Without an employment relationship, Ferrell's cannot be liable for the tortfeasor's alleged action under a theory of vicarious liability.[2] Neither party contests this conclusion.

Plaintiff, however, in his response, contends that the events actually occurred on or around August 8th, 2008, when the tortfeasor was still in the employ of Ferrell's. However, Plaintiff has made no motion to amend his pleadings, despite the fact that Plaintiff claims to have "previously addressed this factual error[.]" Plaintiff has also let the November 1, 2010 deadline to amend pleadings come and go without any notice to the Court that a factual error requiring amendment may be contained in the pleadings.

Assuming, *arguendo*, that this Court were to allow the pleadings to be amended to reflect a date consistent with the tortfeasor's employment, an entire new set of issues arises. Count I of Plaintiff's complaint alleges civil rights violations under both State and Federal law. However, both Sixth Circuit and Kentucky interpretations of the Federal Civil Rights Act have set a one year statute of limitations for those claims. *See Bonner v. Perry*, 564 F.3d 424 (6th Cir. 2009); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179 (6th Cir. 1990); *Leonard v. Corr. Cabinet*, 828 S.W.2d 668, 670 (Ky. App. 1992) ("The applicable statute of limitations period in Kentucky for a federal civil rights claim is one year."). Since both parties concede that the complaint was filed

---

[1] That the tortfeasor was terminated on August 8th or 9th, 2008, is undisputed by Plaintiff.

[2] *See Shedd Brown Mfg. Co. v. Tichenor*, 257 S.W.2d 894, 896 (Ky. 1953) (The justification behind *respondeat superior* is that "the employer should be vigilant in supervising those in his employ to protect the public generally."

more than one year after the proposed amended date, the Federal Civil Rights claims are barred.

Plaintiff brought claims under Kentucky Civil Rights statutes KRS § 344.120, 344.140. In contrast to the Federal civil rights claims, the civil rights actions brought under Kentucky law were timely filed within the 5-year statute of limitations. *Clifton v. Midway College*, 702 S.W.2d 835 (Ky. 1985). KRS § 344.140 covers the "[r]egulation of advertisement of goods, services, and accommodations." *Id.*, section title. As expected, KRS § 344.140 makes it "an unlawful practice for a person . . . to publish, circulate, issue, display, or mail, or cause to be published, circulated, issued, displayed, or mailed . . ." racially discriminatory material. There is nothing in the pleadings or any subsequent filing indicating an advertisement or something otherwise published, circulated, issued, displayed, or mailed is involved in this case. Thus, the claims under KRS § 344.140 are inappropriate. Under KRS § 344.120, "it is an unlawful practice for a person to deny an individual the full and equal enjoyment of the goods, services . . . of a place of public accommodation . . . on the ground of . . . race[.]" As defined in KRS § 344.130, a restaurant qualifies as a place of public accommodation because it "supplies goods or services to the general public" and "solicits or accepts the patronage or trade of the general public[.]" The actions by the tortfeasor in this case, removing Plaintiff from Ferrell's without serving him, preclude summary judgment on this claim; however, nothing in the evidence or pleadings has shown that Ferrell's itself engaged in any discrimination. Ferrell's instead must be liable through the tortfeasor, Ferrell's alleged employee, using a theory of vicarious liability. The Court will examine such liability later in the opinion.

Count II of the complaint alleges an assault and battery. This claim is time barred by the statute of limitations. KRS § 413.140(1)(a).

4

Count III alleges the tort of outrage. Under Kentucky law, "there is a clearly developed paradigm for outrage: when actions or contact is intended only to cause extreme emotion distress in the victim." *Brewer v. Hillard*, 15 S.W.3d 1, 8 (Ky. App. 1999). On the facts currently before this Court, a jury could conclude that the tortfeasor acted with the intent only to cause emotional distress to Plaintiff, fitting within the definition of outrage. However, as with the state civil rights claim, Ferrell's can be held responsible for the intentional tort of its employee only if Plaintiff demonstrates the requirements of vicarious liability, which will be discussed later.

Count IV of the complaint alleges negligent hiring or retention. Defendant contends that negligent hiring should have a one year limitation under KRS § 413.140. Plaintiff does not seem to contest this conclusion, but this Court thinks that the KRS § 413.120(7) five year limitation may also be appropriate. Under Kentucky law the *object* rather than the *form* of the action controls in determining the limitation period. *Carr v. Texas E. Transmission Corp.*, 344 S.W.2d 619, 620 (Ky. 1961). Since it is unclear whether the object of negligent hiring and retention laws would generally be to prevent personal injury, under KRS § 413.140, or injury to ones rights, under KRS § 413.120, it is unclear which statute of limitations Kentucky Courts would apply to the instant count. To avoid an intrusion into unestablished Kentucky law, this Court will first examine the elements of negligent hiring and retention.

"Under Kentucky law, the elements of negligent hiring and retention are: (1) the employer knew or reasonably should have known that an employee was unfit for the job for which he was employed, and (2) that the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 733 (Ky. 2009). Plaintiff has failed to allege anything that would demonstrate that "the

5

employer knew or reasonably should have known that an employee was unfit for the job for which he was employed[.]" *Id.* Rather, Plaintiff rests on a blanket assertion that "Defendant . . . failed to exercise ordinary care in hiring Jack Rittenberry as an employee or in retaining Jack Rittenberry as an employee when they knew or should have know that he was unsuitable for the position for which he was hired." *Complaint*, DN 1, pg. 5. In response to the motion for summary judgment, Plaintiff made no attempt to defend this claim either on the factual or the statute of limitation grounds. As a result, Plaintiff has failed to meet both the summary judgment standard discussed above and the pleading requirements established by the Supreme Court. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 US 544 (2007). Accordingly, summary judgment is appropriate on this claim.

## VICARIOUS LIABILITY

This Court has already dismissed two of the four counts, including the only count that attributed fault directly to Ferrell's. The only remaining counts are the violation of KRS § 344.120 and the tort of outrage. Since both of these claims can directly lie only against the tortfeasor in the current case, Ferrell's will only be liable if Plaintiff can establish the elements of vicariously liability.

Vicarious liability is "the imputation to the employer of a tortious act of the employee by considerations of public policy and the necessity for holding a responsible person liable for the acts done by others in the prosecution of his business[.]" *American Gen. Life & Acc. Ins. Co. v. Hall*, 74 S.W.3d 688, 692 (Ky. 2002). "An employer is not vicariously liable for an intentional tort of an employee not actuated by a purpose to serve the employer[.]" *Id.* The torts in this case are intentional. Since there are no facts or allegations indicating that the tortfeasor was intending

to serve his employer, the vicarious liability standard does not seem to be met. Rather, the facts and pleadings demonstrate that the tortfeasor ejected Plaintiff and used racial slurs to serve his own ends. Since Plaintiff failed to respond to the portion of Defendant's summary judgment motion dedicated to vicarious liability, this Court has no additional facts to consider when deciding this issue. As a result, this is not a case in which vicarious liability is applicable, and summary judgment on the remaining claims is appropriate.

## CONCLUSION

Claims purporting to hold Ferrell's liable for its own actions are time-barred or not supported by the evidence. The remaining claims involve holding Ferrel's vicariously liable for the actions of its employee; however, there is no evidence that the alleged employee tortfeasor was serving his employer. As a result, the motion for summary judgment is GRANTED and Defendant Ferrell's Snappy Service of Hopkinsville, LLC is DISMISSED. There are still claims remaining against defendant Jack Rittenberry, who took no part in the motion for summary judgment.

An appropriate order shall issue.