# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09-CV-00160-R

PAUL COLEMAN,                                                        PLAINTIFF

VS.

FERRELL'S SNAPPY SERVICE OF
HOPKINSVILLE, INC., ET AL.,                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter has come before the Court on Defendant's motion to make the Court's previous order granting summary judgment in its favor final and appealable (DN 43). Plaintiffs have failed to respond and the opportunity to file a timely response has passed. This motion is now ripe for adjudication. For the reasons that follow, Defendant's motion is GRANTED.

## BACKGROUND

Plaintiff Paul Coleman, an African American, originally filed this action against Defendant Ferrell's Snappy Service of Hopkinsville, Inc., a chain restaurant located principally in Western Kentucky. Coleman also brought suit against two other Ferrell's Snappy establishments in Cadiz and Madisonville, Kentucky, and a solitary employee of Ferrell's Snappy of Hopkinsville, Defendant Jack Rittenberry. Coleman alleges that Rittenberry refused him service and made derogatory remarks about Coleman's race while expelling him from the Hopkinsville restaurant. In his complaint, Coleman asserted against Defendants violations of the Civil Rights Act of 1964, the corresponding civil rights protections under Kentucky law, and several intentional torts under state law.

On December 22, 2010, the Court granted Ferrell's Snappy of Hopkinsville's motion for summary judgment, finding that Coleman's claims against it were either barred by the pertinent

statute of limitations or not attributable to the restaurant via Kentucky's laws of vicarious liability. DN 41. On the same day, the Court also granted Coleman's unopposed motion to dismiss the Ferrell's Snappys located in Madisonville and Cadiz. DN 42. This matter continues however, as Rittenberry was unaffected by these ruling and remains the lone defendant in this matter. Ferrell's Snappy of Hopkinsville now petitions the Court to transform the previously issued order granting their motion for summary judgment into a final and appealable order.

## STANDARD AND DISCUSSION

Federal Rule of Civil Procedure 54(b) allows a district court to enter a final judgment for a party despite the pendency of multiple claims or parties. The rule reads as follows:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The decision that there is no just reason for delay is within the sound discretion of the district court. *See HBE Leasing Corp. v. Frank*, 48 F.3d 623, 631 (2d Cir. 1995); *Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 594 F.2d 1313, 1316-17 (9th Cir. 1979); *Burks' Estate v. Ross*, 418 F.2d 913, 914 (6th Cir. 1969). Still, as a general rule, the practice of granting final judgments prior to the adjudication of the entire case is disfavored so as to avoid piecemeal review by appellate courts and as courtesy to counsel still before the district court. *See e.g.*, *Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc.*, 568 F.3d 313, at 317-18 (1st Cir. 2009); *Automated Data Sys., Inc. v. Omron Bus. Sys., Inc.*, 760 F. Supp. 541, 543 (W.D.N.C. 1991); *MCT Shipping Corp. v. Sabet*, 497 F. Supp. 1078, 1083-84 (S.D.N.Y. 1980).

The inquiry into whether the relief provided for in Rule 54(b) is justified "requires consideration of 'judicial administrative interests as well as the equities involved.'" *Lowery v. Federal Exp. Corp.*, 426 F.3d 817, 821 (6th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). In determining whether there is no just reason for delay, the Sixth Circuit has offered these five factors to weigh the parties' interests:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Id.* (citing *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1030 (6th Cir. 1994)). Ultimately though, the district court's analysis boils down to "whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding that prompt review is preferable.'" *Id.* (quoting *Gen. Acquisition, Inc.*, 23 F.3d at 1030).

When considering the above-stated factors, the Court believes that Ferrell's Snappy of Hopkinsville is entitled to the requested relief. First, the unadjudicated claims that were permitted to continue against Rittenberry were two intentional torts; Coleman's other theories of recovery were barred by the statute of limitations. Neither of the intentional torts may be pursued against Ferrell's Snappy of Hopkinsville because under Kentucky law, "[a]n employer is not vicariously liable for an intentional tort of an employee." DN 41 at 6 (quoting *American Gen. Life & Acc. Ins. Co. v. Hall*, 74 S.W.3d 688, 692 (Ky. 2002)). Thus, the unadjudicated claims are not related to Ferrell's Snappy of Hopkinsville or the prior causes of action dismissed

by the statute of limitations.  Next, there is little possibility that the Court's earlier ruling will be mooted as its previous decision was based on clear legal principles and an unambiguous record. For the fourth factor, the Court finds that there is no "claim or counterclaim which could result in a set-off against the judgment sought to be made final."  Lastly, not only does judicial economy favor making the Court's previous ruling a final judgment, but Coleman and Rittenberry will not be prejudiced by entering a final judgment in favor of Ferrell's Snappy of Hopkinsville.

Given these findings, and when considering that neither remaining party has objected to this motion, the Court feels that the petitioned for relief is proper.

## CONCLUSION

In summary, after reviewing the factors set forth in *Lowery*, the Court sees no reason why Defendant Ferrell's Snappy of Hopkinsville should be made to wait for Coleman to litigate the remainder of this action before receiving a final and appealable judgment.

For the foregoing reasons, IT IS ORDERED that Defendant's Motion to make the Court's previous order final and appealable (DN 43) is GRANTED.  Defendant is ORDERED DISMISSED from this action.  This judgment is final and appealable.  There is no just reason for delay.